USCA1 Opinion

 

 ____________________
No. 91-1396 ESTATE OF ROBERT KAW, ET AL., Plaintiffs, Appellants, v. COMMISSIONER, MAINE DEPARTMENT OF HUMAN SERVICES, Defendant/Third-Party Plaintiff, Appellee, v. LOUIS W. SULLIVAN, M.D., SECRETARY, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Third-Party Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ____________________ Before Breyer, Chief Judge, Aldrich, Senior Circuit Judge, and Selya, Circuit Judge. ____________________ Jack Comart with whom Pine Tree Legal Assistance, Inc. was on brief
for appellants. George Eng, Assistant Regional Counsel, Department of Health and
Human Services for third-party defendant, appellee. ____________________ ____________________ ALDRICH, Senior Circuit Judge. The question in this
case is when the "income (as determined under [42 U.S.C.] 1382a)" of a "qualified medicare beneficiary" (QMB) exceeds
"the official poverty line (as defined by the Office of
Management and Budget . . .) applicable to a family of the size
involved." 42 U.S.C. 1396d(p). Defendant Commissioner of
Maine Department of Human Services (M.D.H.S.) takes the
combined income of a married couple and measures it against the
federal poverty line for a family of two, which is less than
twice the federal poverty line for an individual. CSA
[Community Service Administration] Income Poverty Guidelines,
45 C.F.R. Ch. X, 1060.2. Plaintiff Kaw represents a class of
couples who would be benefitted by treating them individually
because their combined income exceeds the official poverty line
for a married couple, but is less than twice the poverty line
for an individual. The United States Department of Health and
Human Services is included as a defendant because of its
interest. If plaintiff succeeds, certain married couples, who
are on Medicare and do not otherwise qualify for Medicaid,
would do so to the extent of having Medicaid pay the standard
co-payments that Medicare requires from every participant. Under M.D.H.S.'s narrower calculation these couples are not so
eligible. The issue was put to a magistrate judge, who granted
summary judgment for defendants by finding statutory ambiguity,
but resolving it against plaintiffs on the basis of subsequent
legislative history. We affirm, but on the basis of finding no
ambiguity in the first place. Section 1060.2-2, ante, Policy, provides, (a) The attached income guidelines are to be used for all those CSA funded programs, whether administered by a grantee or delegate agency, which use CSA poverty income guidelines as admission standards. Any individual or family certified eligible for AFDC or SSI payments is automatically eligible for CSA program services without the need to be separately certified through the application of the attached income guidelines. These guidelines do not supersede alternative standards of eligibility approved by CSA.
See, also, 42 U.S.C. 9902(2). Plaintiffs are faced not only with this regulation,
but a fresh one. QMB means an individual who . . . (3) Has income as determined in accord with social security methodologies, that does not exceed 100 percent of Federal poverty guidelines.
56 Fed. Reg. 33077 (1991) (to be codified at 42 C.F.R. 400.200 (amended)). For this methodology we turn to 42 U.S.C. 1382. "Eligibility for benefits," subsection (a)(2). This basically
provides for reduction in the case of spouse's income, put in
present dollars by 1060.2, ante, and is fatal, unless
plaintiffs can avoid its incidence. They seek to do this by
citing legislative history, but the predicate for this must be
a finding of statutory ambiguity. As we said in Paris v. Dept.
of H.U.D., 843 F.2d 561, 569 (1st Cir. 1988), quoting Rubin v.
United States, 449 U.S. 424, 430 (1981), "When we find the
terms of the statute unambiguous, judicial inquiry is complete
except in rare and exceptional circumstances." There are no
exceptional circumstances here. Plaintiff would find ambiguity introduced by the
phrase "income (as determined under 1382a)." That section,
entitled "Income; definition of earned and unearned income,"
contains a lengthy recital of what is, and what is not, income,
"For purposes of this subchapter." Although it does not define
families, it is in no way restricted to individuals, as
plaintiffs would suggest, and refers constantly to spouses. It
is a singular contention to say that citation of a definitional
section of a statute contradicts adoption of a substantive
provision. At best, plaintiffs say that citation of the
definitions was unnecessary, and therefore must be meaningful. This would be superlative misuse of the redundancy principle. We much prefer to think the reference was to counter Judge
Friendly's lament that this legislation is almost
"unintelligible to the uninitiated." Friedman v. Berger, 547
F.2d 724, 727 n. 7 (2d Cir. 1976), cert. denied, 430 U.S. 984
(1977). Endorsing Judge Friendly, the Court in Schweiker v.
Gray Panthers, 453 U.S. 34, at 43 (1981), described the Social
Security Act, and the Medicaid section in particular, as "one
of the most complex statutes Congress has ever enacted." The
same could be said of the post-legislative history,
accompanying its many amendments. At most it is so
inconclusive that using all plaintiff's references would be a
case of the blind leading the blind to the inevitable ditch. We are content to accept the force of the regulations above
cited, and affirm the dismissal of the complaint. Affirmed.